IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN L MALDONADO,

    Plaintiff,

vs.                                                      No. CIV 20-0860 JB\SMV

MICHAL MEDINA,
JONATHAN C. MILLER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Steven Maldonado's failure to submit an initial partial filing fee, 28 U.S.C. § 1915(b)(1) requires. The Honorable Stephan Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Maldonado to make a $6.02 initial payment towards the filing fee in this civil case. See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b) and to Make Payments or Show Cause at 1, filed September 14, 2020 (Doc. 4)("IFP Order"). Because Maldonado failed to comply, the Court will dismiss this case without prejudice.

## BACKGROUND

Maldonado is incarcerated at the Otero County Prison Facility ("OCPF"). See Prisoner Civil Rights Complaint at 1, filed August 26, 2020 (Doc. 1)("Complaint"). On August 26, 2020, he filed a Complaint raising claims under the Due Process Clause of the United States Constitution and the Freedom of Information Act, 5 U.S.C. § 552. See Complaint ¶ 1, at 2. Specifically, Maldonado alleges state officials refuse to provide discovery in connection with his state criminal conviction. See Complaint ¶ 2, at 4. In the Request for Relief, Maldonado seeks between

$180,000.00 and $2,200,800.00 in damages.  See Complaint ¶ G, at 6.  Maldonado filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (i.e., leave to proceed in forma pauperis) along with the Complaint.  See Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed August 26, 2020 (Doc. 2)("IFP Motion").  The IFP Motion seeks leave to prosecute this civil action without prepaying the $400.00 filing fee.  See IFP Motion at 1.

The Court referred the matter to Magistrate Judge Vidmar for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases filed November 5, 2020 (Doc. 8).  On September 14, 2020, Magistrate Judge Vidmar granted leave to proceed in forma pauperis.  See IFP Order at 1.  Such relief reduces the filing fee to $350.00 and allows plaintiffs to pay in installments.  See IFP Order at 1 (citing 28 U.S.C. § 1915).  Pursuant to 28 U.S.C. § 1915(b)(1)(A), Magistrate Judge Vidmar also assessed an initial partial payment of $6.02 and directed Maldonado to submit that amount by October 14, 2020.  See IFP Order at 2.  The initial partial payment amount represents "20 percent of the greater of— (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."  28 U.S.C. § 1915(b).  The IFP Order warned that if Maldonado failed to timely make the initial partial payment, the Court would dismiss the Complaint without further notice.  See IFP Order at 2.

After entry of the IFP Order, Maldonado sought an unspecified extension of time to make the initial partial payment.  See Letter Motion filed October 5, 2020 (Doc. 5)("Motion for Extension").  He explained "he receive[s] [his] state pay on the 15th of every month and it takes 2

weeks for th[e] facility to approve a request check." Motion for Extension at 1. Magistrate Judge Vidmar granted the Motion for Extension and extended the payment deadline through November 17, 2020. See Order Extending Payment Deadline filed October 29, 2020 (Doc. 7)("Extension Order"). The Extension Order again warned that the failure to timely comply will result in dismissal of this case without further notice.

Maldonado has now had over sixty-five days to submit his initial partial payment. He has not complied with the extended deadline -- November 17, 2020 -- or show cause for such failure. The Court will analyze whether to dismiss this case for failure to prosecute and respond to Orders.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v.

Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the United States Court of Appeals for the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162.

As noted above, Maldonado failed to submit an initial partial payment, as 28 U.S.C. § 1915(b)(1)(A), the IFP Order, and the Extension Order all require. He also has not responded to the Extension Order or show cause for the nonpayment. In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. The dismissal will be without prejudice, after considering the factors in Nasious.

**IT IS ORDERED** that (i) the Prisoner Civil Rights Complaint at 1, filed August 26, 2020 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

*Pro se plaintiff:*
Steven Maldonado
Chaparral, New Mexico

*Defendants:*
Michael Medina
Jonathan C. Miller